PALMER, J.
Sabir Abdul-Haqq Yasir appeals the trial court’s order denying his request to reopen a lawsuit for the purpose of obtaining a refund of copy fees. Concluding that the trial court lacked jurisdiction to reopen Yasir’s previously concluded lawsuit, we affirm.
In 1998, Sabir Abdul-Haqq Yasir filed a lawsuit in the circuit court against Harry Singletary, as head of the Florida Department of Corrections. Pursuant to section 57.085(7), Florida Statutes (1997), Yasir was required to provide the court with copies of his previous civil actions.[1] Yasir paid $7.50 to obtain copies of those documents and then he attached them to his pleading. Yasir’s claims were adjudicated on their merits and the action was closed.
Subsequent thereto, in Mitchell v. Moore, 786 So.2d 521 (Fla.2001), the Florida Supreme Court struck down the copy requirement of section 57.085(7) as being unconstitutional, concluding that it denied certain prisoners access to the courts. The court further ruled that all inmates whose cases had been dismissed for failure to comply with the copy requirement would have two years from the date of the decision within which to file motions seeking reinstatement of their claims.
Thereafter, Yasir filed a motion to “reopen” his lawsuit against Singletary for the sole purpose of obtaining a refund of the $7.50 in copying costs he incurred. His request was denied and this appeal ensued.
The trial court would only have jurisdiction to reopen the case if, as Yasir contends, Mitchell v. Moore gave him such a right. It did not. The Mitchell case specifically applied only to those “inmates whose cases were dismissed for failure to comply with the copy requirement to file a motion seeking reinstatement.” Id. at 531. Yasir does not fall within that definition. In fact, he provided the necessary copies and made payment therefor. Accordingly, the trial court properly concluded that Ya-sir was not entitled to reopen his case.
AFFIRMED.
PLEUS, J., concurs and concurs specially.
SHARP, W., J., dissents, with opinion.
*462 PLEUS, J., concurs and concurs specially.

De minimis non curat lex.

. Section 57.085(7) of the Florida Statutes (1997) provides:
57.085 Waiver of Prepayment of court costs and fees for indigent prisoners.—
[[Image here]]
(7) A prisoner who has twice in the preceding 3 years been adjudicated indigent under this section, certified indigent under s. 57.081, or authorized to proceed as an indigent under 28 U.S.C. s.1915 by a federal court may not be adjudicated indigent to pursue a new suit, action, claim, proceeding, or appeal without first ob-taming leave of court. In a request for leave of court, the prisoner must provide a complete listing of each suit,- action, claim, proceeding or appeal brought by the prisoner or intervened in by the prisoner in any court or other adjudicatory forum in the proceeding 5 years. The prisoner must attach to a request for leave of court a copy of each complaint, petition, or other document purporting to commence a lawsuit and a record of disposition of the proceeding.
(Emphasis added).